IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 2, 2003 at Jackson

**STATE OF TENNESSEE v. BOBBY R. DYER**

**Appeal from the Circuit Court for Williamson County**
**No. I-302-085      Carol Solomon, Judge**

---

**No. M2002-03140-CCA-R3-CD - Filed May 14, 2004**

---

Bobby R. Dyer appeals from his Williamson County Circuit Court convictions of aggravated burglary and theft of property valued at $1,000 to $9,999. He claims that his theft conviction is not supported by sufficient evidence and that he was improperly sentenced. Because we are unconvinced of reversible error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Eugene Honea, Franklin, Tennessee, for the Appellant, Bobby R. Dyer.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Lee Dyer, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On occasions prior to the offenses that are the subject of the defendant's convictions on appeal, the victim, Johnny Kelly, employed the defendant as a laborer. The defendant assisted the victim in renovating and improving various properties that the victim owned, including the victim's own residence.

On September 10, 2001, while in Davidson County, the victim discovered a saw missing from his truck. He contacted a pawn shop where he had originally purchased the saw to see about obtaining a replacement saw, and he learned that the defendant had pawned the victim's saw earlier in the day. After discovering that his saw had been stolen, the victim likewise discovered that several other tools had been taken from his home in Williamson County, as well.

After first contacting the defendant and asking him to return the tools, the victim reported the theft to the authorities. Ultimately, it was discovered that the defendant had taken several items identical to the ones the victim reported stolen to three Davidson County pawn shops on the morning of September 10. Two detectives went to the defendant's home to arrest him, and they found the defendant hiding in the shower. After his arrest, the defendant at first denied any knowledge of the stolen tools. However, he later admitted that he had pawned the tools but claimed he had not taken them. He claimed he had sent a man named James Williams to the victim's home to take the tools so that he could pawn them.

At trial, the victim identified the recovered tools as his. He testified about his purchase price and the value of the tools at the time they were taken.

To counter the state's proof, the defendant testified on his own behalf. He denied having made the prior inculpatory statement and testified that all of the tools he pawned except the saw were his own. He claimed that James Williams had given him the saw in lieu of cash because Williams owed the defendant money for car repairs that the defendant had completed for Williams.

After receiving the proof, the jury found the defendant guilty of aggravated burglary and theft of property valued at $1,000 to $9,999. At the subsequent sentencing hearing, the trial court sentenced the defendant to a maximum, Range I sentence of six years for aggravated burglary and a mid-range, Range I sentence of three years for theft. The court imposed the sentences to run concurrently to each other but consecutively to a prior offense.

**I**

The defendant's first complaint is that the evidence is not sufficient to sustain his conviction of theft of property valued at $1,000 to $9,999 because the state failed to establish the fair market value of the property stolen. The defendant makes no challenge to the other elements of the theft crime or to his conviction of aggravated burglary.

When an accused challenges the sufficiency of the convicting evidence, this court must review the record to determine if the evidence adduced at trial is sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. *State v. Dykes*, 803 S.W.2d 250, 253 (Tenn. Crim. App. 1990), *overruled on other grounds* by *State v. Hooper*, 29 S.W.3d 1, 8 (Tenn. 2000).

In determining the sufficiency of the convicting evidence, this court does not re-weigh or re-evaluate the evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. *Liakas v. State*, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this court is required to afford the state the strongest legitimate view of the evidence contained in the

record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, not this court. *Id*. at 835. In *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973), our supreme court said, "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State."

Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused, as the appellant, has the burden in this court of illustrating why the evidence is insufficient to support the verdicts returned by the trier of fact. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). This court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the facts contained in the record are insufficient, as a matter of law, for a rational trier of fact to find that the accused is guilty beyond a reasonable doubt. *Id*.

"Value" of stolen property, as contemplated by the Criminal Code and pertinent in this case, is

(i)     The fair market value of the property or service at the time and place of the offense; or

(ii)    If the fair market value of the property or service cannot be ascertained, the cost of replacing the property within a reasonable time after the offense[.]

Tenn. Code Ann. § 39-11-106(a)(36)(A)(i)-(ii) (2003).

We are unpersuaded by the defendant's argument that the state did not offer sufficient proof of the value of the stolen property. The victim described the stolen items in his testimony, and he stated both the prices of the items if purchased new and the prices of items in like, used condition as the stolen items. The total amount of the prices of comparable used items is in excess of $1,000. Moreover, the victim testified that his insurance company had paid him $800 for the stolen items, which was the valuation of them less his $500 deductible, thereby yielding an insurance valuation for the stolen property of $1,300.

The defendant contends, without a precise explanation of his logic, that this proof did not address the question of fair market value. We, however, believe that the victim's testimony about the prices of comparable used property squarely addresses the question of fair market value. Tennessee Rule of Evidence 701(b) permits the owner of personal property to testify about the value of that property. Tenn. R. Evid. 701(b). For each stolen item, the victim in this case testified about the value of an item in like, used condition. The property in question consisted of hand tools, a fungible commodity. The testimony about the value of like, used items was evidence of the fair market value of the stolen items.

**II**

The defendant also challenges the sentence imposed. He claims that the court failed to consider the sentencing principles and failed to announce its findings in imposing enhanced and consecutive sentences. The lower court imposed Range I incarcerative sentences of six years for aggravated burglary and three years for theft, and it ordered that the sentences be served concurrently to each other and consecutively to a previously imposed sentence in another case.

We begin with a review of the relevant law. In making a felony sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant wishes to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. *See* Tenn. Code Ann. § 40-35-210(a), (b) (2003), § 40-35-103(5) (2003); *State v. Holland*, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6) (2003). However, a defendant who commits "the most severe offenses, possess[es] a criminal histor[y] evincing a clear disregard for the laws and morals of society, and [has failed] past efforts at rehabilitation" does not enjoy the presumption. *See id.* § 40-35-102(5), (6) (2003); *State v. Fields*, 40 S.W.3d 435, 440 (Tenn. 2001). A sentence involving confinement is appropriate when

(A)   Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
(B)   Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is especially suited to provide an effective deterrence to others likely to commit similar offenses; or
(C)   Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1)(A)-(C) (2003).

Furthermore, the defendant's potential for rehabilitation or lack thereof should be examined when determining whether an alternative sentence is appropriate. *Id.* § 40-35-103(5) (2003). Sentencing issues are to be determined by the facts and circumstances presented in each case. *See State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review of the record with a presumption that the determinations made by the trial court are correct. *See* Tenn. Code Ann. § 40-35-401(d) (2003). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). Likewise, the trial court has an affirmative duty to state on the record, either orally or in writing, which enhancement and mitigating factors it found and its findings of fact. Tenn. Code Ann. §§ 40-35-209(c), 40-35-210(f) (2003); *State v. Troutman*, 979 S.W.2d 271, 274 (Tenn. 1998); *State v. Russell*, 10 S.W.3d 270, 278 (Tenn. Crim. App. 1999). In the present case, the record reflects that the lower court considered the statutory principles and facts of the case; however, it failed to apply a relevant mitigating factor, so our review of its length-of-sentence determinations is *de novo* unaccompanied by the presumption of correctness.

The lower court enhanced the defendant's sentences based upon findings that the defendant had a very lengthy criminal history and committed the offenses while on felony probation. *See* Tenn. Code Ann. § 40-35-114(2), (14)(C) (2003). On appeal, the defendant aptly concedes the applicability of these enhancement factors.

The defendant contests, however, the lower court's treatment of his proffered mitigating factor that his offenses neither caused nor threatened serious bodily injury. *See id.* § 40-35-113(1) (2003). When addressing the defendant's argument for application of this factor, the lower court commented, "The mitigating factor, of course, is that there was no bodily injury. But the charge itself, that doesn't really apply to aggravated burglary." The evidence in this case supports the existence of this factor to both the aggravated burglary and theft convictions, and the lower court should have applied it in mitigation. *Cf. State v. Clarence Weaver*, No. E1999-02005-CCA-R3-CD, slip op. at 4 (Tenn. Crim. App., Knoxville, Aug. 21, 2000).

That said, however, we are unprepared to hold that the lower court erred in imposing six and three year sentences for the defendant's convictions. The defendant, a Range I offender, faced a sentence of three to six years for aggravated burglary, a Class C felony. *See* Tenn. Code Ann. §§ 40-35-110, 40-35-112(a)(3) (2003). He faced a two to four year sentence for the Class D felony offense of theft of property valued at $1,000 to $9,999. *See id.* §§ 40-35-110, 40-35-112(a)(4). The defendant justly deserves to have his sentences substantially enhanced given his extensive history of criminal convictions, which spans nearly all of the 39-year-old defendant's adult life. In a similar vein, his sentences are subject to significant enhancement because he was serving a probationary sentence at the time he committed the present offenses. In contrast, the fact that he did not cause or threaten serious bodily injury in committing these crimes is entitled to no more than *de minimus* weight. Given the comparative weight of the enhancement and mitigating factors, the defendant justly deserves sentences of six years for aggravated burglary and three years for theft. *Cf. State v. Roy Ray Wallace*, No. E2000-00046-CCA-R3-CD, slip op. at 7-8 (Tenn. Crim. App., Knoxville, Dec. 6, 2000) (defendant's burglary and theft sentences greatly enhanced by defendant's prior criminal record and bail status at time of offenses and only minimally mitigated because defendant's conduct did not cause or threaten serious bodily injury).

Accordingly, we move on to the question whether the defendant's sentences should have been imposed consecutively to a prior sentence he was serving for a Davidson County offense. Consecutive sentencing may be imposed in the discretion of the trial court upon a determination that one or more of the following criteria exist:

(1)     The defendant is a professional criminal who has knowingly devoted himself to criminal acts as a major source of livelihood;

(2)     The defendant is an offender whose record of criminal activity is extensive;

(3)     The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4)     The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5)     The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6)     The defendant is sentenced for an offense committed while on probation; or

(7)     The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b) (2003).

In the present case, the defendant is eligible for consecutive sentencing based upon his extensive criminal history and his commission of the offenses while on probation. *See id.* § 40-35-115(b)(2), (6) (2003). Although the lower court did not explicitly announce that it found these two statutory factors applied, the court did comment in some detail on both the defendant's criminal history and his probationary status in making its sentencing pronouncement. The record supports the existence of these factors, and considered with the facts and circumstances of the case, the factors amply support an order of consecutive sentencing.

For these reasons, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE